SECOND DEPARTMENT, NOVEMBER, 1940.
(November 4, 1940.)

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of ABRAHAM APPEL, an Attorney and Counselor at Law, Respondent.— Respondent swore falsely in his application for a marriage license in Virginia. The court directs that he be suspended from the practice of the law for a period of one year. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

JEAN AGNELLO, as Administratrix, etc., of FRANK AGNELLO, Deceased, Appellant, v. WEISSGLASS GOLD SEAL DAIRIES CORP., Respondent, and VINCENT CANGRO, Appellant. EDWARD CAGGIANO and JEAN AGNELLO, Appellants, v. WEISSGLASS GOLD SEAL DAIRIES CORP., Respondent, and VINCENT CANGRO, Appellant. HENRIETTA BIEDRZYCKA, Amended to Read HENRIETTA FULLER, Appellant, v. WEISSGLASS GOLD SEAL DAIRIES CORP., Respondent, and VINCENT CANGRO, Appellant.— Consolidated actions for damages for personal injuries and for wrongful death caused by the collision of an auto truck and another automobile. A Cadillac car owned and driven by appellant Cangro collided with a milk truck owned by respondent Weissglass Gold Seal Dairies Corp. Several actions were brought against the owners of the two vehicles by certain plaintiffs, guests in the Cangro car, and by the administratrix of another guest, Frank Agnello, deceased. A jury found in favor of defendant Weissglass Gold Seal Dairies Corp. as to all plaintiffs; and in favor of Jean Agnello, individually, and as administratrix of Frank Agnello, deceased, and Henrietta Biedrzycka (Fuller), against defendant Vincent Cangro. The plaintiffs and defendant Vincent Cangro appeal. Judgments and amended judgment unanimously affirmed, with one bill of costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ. (See post, p. 1039.)

KATHERINE MATTESON COLEMAN, Respondent, v. UNDERWOOD ELLIOTT FISHER Co., INC., Appellant.— Order denying motion to vacate and set aside a notice of examination before trial, by its president, modified by changing the date referred to in item 6 of the notice from 1940 to 1939. As so modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to the respondent, the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

BESSIE DIVACK, Appellant, v. FLATBUSH SAVINGS BANK, Respondent.— Action for specific performance. Appeal from order cancelling notice of pendency of action dismissed, without costs. On the argument it was admitted that the property which is the subject-matter of the action has been conveyed to a bona fide purchaser for value. The appeal, therefore, has become academic and is dismissed. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.